Council, I'm going to introduce the court. Daniel Aguilar for John Garcia, and Sean Jake for the court's order. We'll address our motion for a limited period. In this dismissal order, the district court laid out Plano's history of condoms in the case, and his repeated refusals to obey the court's order, and sort of recounted the previous actions that had occurred, and concluded that dismissal of the case was appropriate. Now, because the MTCA claims were pending before the district court, its dismissal order is effective as soon as it comes. But because those claims were on a preliminary appeal before this court, the district court blocked those two general consultants. And accordingly, with all the motion for a limited period in this court, since I know that those claims are pending, if the court does not disreport, we believe we'll dismiss those claims. And again, it's already filed in another sort of key from the dismissal order. So if the initial court is able to exercise jurisdiction to dismiss those claims, that will be an appeal through final judgment. And then this court will have all issues presented in the case, the dismissal, qualified immunity, etc., available for its immediate resolution. We believe that this is the appropriate way to dispose of those issues. Ms. Huffman? Ms. Huffman. The only problem for, as you said, the two general consultants. I think the passive reading of the dismissal order, particularly given rural Plano Street key differences, is a call of court orders, is that this sort of conduct throughout the case means that dismissal of the entire case, including the district court, the district court noted that those claims were on appeal, and then at the end of the order stated that it was dismissing the case in its entirety. I think that's not a fair statement. That is, it intended to dismiss the dispute. And if we're wrong about that, and we remain in the district court, so actually that's not what I meant. I expect this court retains jurisdiction, and I can't consider all of those issues. Well, the issue isn't that we procedurally have retained jurisdiction. We said order 11 to remain, retain jurisdiction, and let the district court attend to the housekeeping matters. And the case can come back to us if necessary to review the order. Exactly. Exactly. Just to facilitate this court's resolution, we still have the right to raise money, but we are adjourned. And precisely in this line, the case should be allowed to proceed. Precisely. Given that sort of resolution that the first circuit took in the United States, which is for those who have not been here this morning, which was 2225, that was one of the rules that we needed to change 12.1. And to me, this is sort of a poster child for why we didn't make it a rule that would be appropriate in this case. You didn't? I'm sorry. I don't know why we couldn't determine by inference, I guess, that the court indicated what it's likely to do, and we let the court tell us clearly that's what it intends to do. And I completely agree. If the court has any questions, we'll have an answer to them otherwise I'll reserve the balance of my time. Thank you. May it please the Court, my name is David Williams, Counsel for Mr. Mendia. I'm joined in the courtroom today by Mr. Mendia and by my co-counsel, Ian Caruso. Your Honor, there is a problem with creating the culture of unlimited remand now because there's no need to break new procedural ground for this motion. The rules as they were written, and the courts in this, the cases in this circuit interpreting that rule, set out a fairly clear and effective process for getting an indicative ruling and coming to this court for limited remand. It includes a motion, but why shouldn't we, in this case here, allow it to be prejudiced if this ruling is made? And we'll make it very clear to us what the district court wants to do with the case. We are still going to be preserving all of the legal arguments here with regard to an underlying merits, I guess I indicated to you in the ruling. To me, this is my way of looking at the rules and just looking to take care of these kinds of issues that sometimes arise in the case. So the case is pending on repeal, and then something else happens that the district court impresses upon. Well, there are at least two problems with granting the motion, and one of which is prejudiced to Mr. Medina. And Your Honor, articulate what is the prejudice to Mr. Medina. Well, given his conduct so far here, which he's prosecuted, it's not an issue. Even the order, the May 31st order issue here, it's not clear what the district court intended to do. And also, you're not answering my question. It's a very simple question. How is Mr. Medina going to be prejudiced? I don't want to interrupt you. The concern is that sending this back to the district court now broadcasts the message that the Ninth Circuit does the Ninth Circuit's agreement, or we think sanctions should be imposed. We think this is a right-front position of sanctions. When the district court didn't say that it was, the district court has already imposed the most severe sanction that it can have with regard to the rest of the cases of the matter. And you're afraid of losing the claims that are on paper? Yes. But your hope is that you can get them reversed, and that everybody can continue, and you have some chance of prevailing with those that have the public knowing that there's more to come. Well, Mr. Medina didn't prevail at the district court on the motion to dismiss. So the Bibbitts claims, and we don't need to assume that the district court will simply dismiss the Bibbitts claims. Maybe because Mr. Medina and Resnick sanctioned heavily on the FGCA claims. They've been dismissed. We spent, I think, 3,500 dollars in his name, paid that fine. The conduct at issue occurred while only the FGCA claims were before the district court. The discovery has been somewhat bifurcated, but the discovery on the Bibbitts claims has been stated against me in college. And so this is essentially a case on two tracks. On the one hand, the plaintiff didn't have any defendants. They didn't have a right to bring an individual or to appeal on a denial of public immunity. Right? Right. They were going to have a fine rate of procedural punishment. But they couldn't appeal the entire case of lawful immunity because the plaintiff only endorsed the Bibbitts claim. Gradually, they can't raise the defense of the Bibbitts claim anymore. And then the appellate in the district court has sought to stay on the discovery as to the Bibbitts claims. So this is a situation where this is a discovery on FGCA claims. While all the FGCA claims were before the district court, the district court gave no clear indication that it intended to dismiss the Bibbitts claims as well. And the last thing I can think of now, though, is that the factual background, I think, is going to be pretty similar with regard to both your theories of liability and social group. I'm still wondering why, in terms of your client, if this isn't the actual past of the district court, with regard to what's left of the case, and then you can go back to us with another notice and we'll continue the jurisdiction. And you can make all your evidence as to both your theories of liability. I understand, Your Honor. And regardless of contention, prejudice, or not, to the client, there's a precedential problem there. And that's that right now the rules as they are, and the case is interpreting them, and setting up some prerequisites before the limited arraignments come. And these ones, Your Honor, they never write because we don't call that influential. If they get a ruling, I mean, it might be helpful to make certain that it's going to be a public opinion, saying, you know, whatever you want to do, it's your decision to make. And this case, this motion need not be decided on the issue. Are inferential indicative rulings proper or not? Because even under the First Circuit case, if the appellant decided not to speak, the motion for limited agreement would not satisfy that case because it essentially requires a clear statement. The language from the First Circuit, when the appellant was unable to get a ruling, is to give the district court the opportunity to educate us as to what it's thinking, and which in this case could be seen as an interpretation of the court. And the district court very well could have done that. And the counsel for the appellants, our competent counsel, they at any time on May 31st, when the order was given, the week after, last month, last week, could have gone to the district court and asked for some clarity, but have not done so. So denying the motion for limited remand now helps reinforce the message to future leaders, future counsel that says, before you come to the Ninth Circuit, whether or not this is done inferentially, whether it's done sua sponte, have some clarity, and you have to go home, which is an issue for the district court. The district court lost jurisdiction over the limits of when the member would file in terms of the people who are qualified to be remanded. District courts understand that the motion would yield the rest of the jurisdiction to handle at least anything related to that, whether it's activities without problems on the court of remand. But in this case, she did prevent a district counsel from removing her claims, and I think you're quite resistant to the discovery that she posed, as soon as you discussed it. So now, I guess, technically, you're involved in the performance at this point in the decision of the amendment, right? Yes, Your Honor. And because the district court had that awareness in view of this situation, and had Rule 62.1 of the Federal Rules of Civil Procedure before it, it could have, if it intended to dismiss the Bivens claims, it very easily could have and should have stated, made some clear statement, that it would dismiss the Bivens claims as well. Well, the rule is relatively new, and I don't think it's a perfect one, so I don't know what it would have been if it had been used, but there's been a lot of case law interpreting through much of a default in the district court, so I think it would have been a lot more prescient. Certainly, Your Honor, and I don't mean default in district court. The party who brought this motion, who looked at Rules 12.1 and 62.1, could have, at any time before this oral argument, gone to the district court and asked, and there's no need now to break new ground, allow for ambiguous orders to be the basis of limited remand. When it's... When the party who brought the motion simply could have gotten some clarity before coming in here. Okay. You know, Your Honor, maybe we should... Seriously, procedurally, the reason we filed the motion in this court was because we had just received the district court's dismissal order, and I can't remember exactly how long it was, a couple of days, but we received a notice in this court that the case had been tentatively scheduled for oral argument in September, and so we were concerned that this needed to be before the court in order for it to understand the case, and we filed the motion in this court. And also, Rules 12.1 says, once we receive an indicative ruling from the district court, which is how we write this, we need to notify the court of the case, so we followed that procedure. And just as a point of prejudice, again, I don't understand exactly how a point of prejudice by remand the district court can clearly state whether it contended to the dismissal that was claimed or not, and then the district court can consider whether or not that dismissal is true. So you're saying that this case had not been sent for oral argument in September, and it's not in the court's decision. Do you think that you... Do you think that this is... Do you think that we are still in the way of making things that we might pass before the court to continue to rule? I'm not sure that that would make a difference, but I guess it just sort of amplified our needs to follow. I'm not sure that this court is having a service to that. Well, it seems to me that normally you should answer for an indicative ruling, but if it's in the way that it was claimed by the court, you're sort of... You're sort of... But just based on our reading of it, seeing the district court's order in here and seeing that we're dismissing the action since there are already closing its docket, that would be... Yes, that's how we read it. In other words, if we get another reading and we decide on the merits of the damage claim, would that be much subtracted from the fact that all the rest of us wouldn't be paying attention at all? If you were not to read it and decide the merits of the evidence claims, we would obviously ask the court to reverse on that, and then the district court would receive the case and, in turn, we're dismissing those claims. That would be the final judgment of that case. That would occur as well. Yes. If we were to do it, which we're asking the court, if we were to do this and we would urge the court, don't switch on this one, then those claims would be remanded to the district court, and which one the district court could dismiss them because it intended to dismiss the sanctioned complaints as a consequence. Well, the fact of the matter, the court, however, you are asking to decide the merits of the claim, unless it seems like you would have to take a commission that would be a formal decision based upon the sanction and the evidence of the claim. I don't know. Well, if I could suggest one logistical statement to the appeals. If the district court remands, if the district court dismisses the sanction, there is an appeal from the public saying that this dismissal was an abuse of discretion. At that point, this court could consolidate those appeals or hold them qualified in the appeals in advance while it decides that the dismissal is a sanction appeal. And if it affirms that this dismissal and says that it is an appropriate abuse of your discretion to put facts in this case, then it would not need to decide that qualifying would be an abuse of discretion. Thank you. We still have one more paper here. I think it's Jesus. All right. You just said it.
judges: Schroeder, Tallman, Whaley